IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                            )<br>)<br>BILLY THEODORE POWELL,            )<br>)<br>    Defendant.                    )<br>_____)  | Criminal Case No.  2:11cr205 (RCY) |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's *pro se* Emergency Motion for Compassionate Release (ECF No. 35) ("*Pro Se* Motion for Compassionate Release"), Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 38) ("Motion for Compassionate Release"), the Response in Opposition by the United States (ECF No. 39), the Reply by the Defendant (ECF No. 41), the Supplement by the Defendant (ECF No. 42), the Supplemental Response in Opposition by the United States (ECF No. 43), the exhibits related to these documents, and other related filings.  The Court has reviewed these documents and all exhibits, and the matter is ripe for disposition.  The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process.  For the reasons that follow, the Court will deny the Motions for Compassionate Release.

**I.  BACKGROUND**

Billy Theodore Powell ("the Defendant" or "Powell") was charged in a three-count indictment on December 19, 2011. (ECF No. 13.)  Counts 1 and 2 charged the Defendant with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a); Count 3 charged the

Defendant with Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). (ECF No. 13.)  On February 14, 2012, the Defendant pled guilty to Count 1. (ECF Nos. 18-22.)

According to the Presentence Investigation Report ("PSR"), the statute for Count 1 required a mandatory minimum term of imprisonment of fifteen years to a maximum of thirty years. (PSR, ECF No. 24 ¶ 58.)  The initial advisory Sentencing Guidelines range was 135 to 168 months but, because of the statutory mandatory minimum sentence of 180 months, the restricted range was 180 months. (PSR, ECF No. 24, Worksheet D.)  On May 21, 2012, the Honorable United States District Judge Henry C. Morgan sentenced the Defendant to 180 months. (ECF Nos. 31-33.)

In the Motion for Compassionate Release, Powell argues that he is at higher risk for severe illness from COVID-19 due to his cardiovascular disease, specifically "severe aortic stenosis" and "congenital insufficiency of the aortic valve." (Mot. Comp. Release, ECF No. 38 at 1-2.; *see also Pro Se* Mot. Comp. Release, ECF No. 35 at 3.)  Powell also suffers from high blood pressure, high cholesterol, shortness of breath, a heart murmur, and atherosclerosis. (Mot. Comp. Release at 2.)  Powell points out that the Warden at FCI Oakdale Low informed Powell that he was in the category of "High Risk Concern" due to his medical conditions. (*Id*. at 4; ECF No. 38-8.)  Powell contends that the BOP is not able to protect its population against COVID-19 and is not able to adequately care for those who contract COVID-19. (Mot. Comp. Release at 6-16.)  The Defendant also contends that the COVID-19 situation at FCI Oakdale, identified as one of three BOP facilities "experiencing significant levels of infection" such that COVID-19 is materially affecting operations, combined with the Defendant's medical conditions, require the Defendant's immediate release. (*Id*. at 15-20.)  The Defendant points out that he has no criminal

history other than the offenses for which he was charged in this case, that he has no prison infractions, and that he has a viable release plan. (*Id*. at 19-20.)

## II.  LEGAL STANDARD:  COMPASSIONATE RELEASE UNDER THE FIRST STEP ACT OF 2018

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to "reduce the term of imprisonment" of a defendant for "extraordinary and compelling reasons," "upon motion of the Director of the Bureau of Prisons," or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i).  Once the administrative remedies under § 3582(c)(1)(A) have been exhausted or waived, the Court may reduce or modify a sentence when "extraordinary and compelling reasons warrant such a reduction." *Id.*  Section 3582(c)(1)(A) also requires courts to consider "the factors set forth in section 3553(a) to the extent they are applicable" and "applicable policy statements issued by the [United States] Sentencing Commission" before granting a sentencing modification. *Id*.

It is settled that the burden is on the defendant to prove that extraordinary and compelling reasons exist for compassionate release under § 3582(c)(1)(A)(i). *White v. United States*, 378 F. Supp. 3d 784, 785 (W.D. Mo. 2019).  While courts do not "minimize the risks that COVID-19 poses in the federal prison system," the "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d

Cir. 2020). It is also generally true that "chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Molina*, No. 3:15cr31, 2021 WL 1323402, at *2 (E.D. Va. Apr. 8, 2021) (citation omitted). "In assessing whether the record shows the existence of extraordinary and compelling reasons for compassionate release, courts consider, *inter alia*, the guidance of the CDC [Centers for Disease Control and Prevention], and non-binding policy statements of the United States Sentencing Guidelines." *Id.* "[T]o constitute extraordinary and compelling reasons for compassionate release, medical conditions must be serious." *Id.* To establish the existence of "extraordinary and compelling" reasons for compassionate release because of COVID-19,[1] a defendant generally must show "both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. White*, No. 2:07cr150, 2020 WL 1906845, at *1 n.2 (E.D. Va. Apr. 17, 2020) (quoting *United States v. Feiling*, 453 F. Supp. 3d 832, 840 (E.D. Va. 2020)).

In *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020), the Fourth Circuit held that "there currently exists no 'applicable policy statement'" because the Sentencing Commission has not issued a policy statement since the passage of the First Step Act. *Id.* at 281. Therefore, until the Sentencing Commission issues an updated policy statement, "district courts are 'empowered to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (alteration omitted) (quoting *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020)).

Although the policy statement in U.S.S.G. § 1B1.13 is no longer binding on this Court after the Fourth Circuit's decision in *McCoy*, many courts are treating § 1B1.13 "as providing

---

[1] According to his counsel, Powell, age 63, has serious heart problems, hypertension, high cholesterol, and other conditions, placing him "at increased risk for serious illness from Covid-19." (Mot. Comp. Release at 18.)

4

useful guidance about how the Court should exercise its discretion under § 3582(c)(1)(A)," but they are not "treat[ing] its provisions as binding." *United States v. Dean*, No. 15-CR-0339(1), 2020 WL 7055349, at *1 (D. Minn. Dec. 2, 2020) (citing *McCoy*, 981 F.3d at 281); *see also United States v. Spencer*, No. 2:11cr30, 2021 WL 713287, at *2 (E.D. Va. Feb. 24, 2021) (noting that "the policy statement in U.S.S.G. § 1B1.13 is no longer binding . . . after . . . *McCoy*," but that "the court finds certain of its provisions useful in addressing [compassionate release motions]").

Section 1B1.13's guidance provides that a defendant's medical conditions, age, family circumstances, or other circumstances, either singly or in combination, can prove sufficiently extraordinary and compelling to justify compassionate release. U.S.S.G. § 1B1.13, application notes 1(A)-(D). It advises that, to be extraordinary and compelling, a defendant's medical conditions must be either "terminal . . . with an end of life trajectory" or must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." § 1B1.13, application note 1(A).

Similarly, a defendant may be released based on his advanced age when he "is at least 65 years old," "is experiencing a serious deterioration in physical or mental health because of the aging process," and "has served at least 10 years or 75 percent of his or her term of imprisonment." § 1B1.13, application note 1(B). Defendants may also seek compassionate release based on family circumstances, including when the caregiver of a defendant's minor child has died or become incapacitated, or when the defendant's spouse or partner has become incapacitated and the defendant constitutes the only available caregiver. § 1B1.13, cmt. application note 1(C). Finally, the Sentencing Guidelines contemplate situations in which "there

exists in the defendant's case an extraordinary and compelling reason [for compassionate release] other than, or in combination with, [the defendant's medical conditions, age, and family circumstances]." § 1B1.13, cmt. application note 1(D).

Even if extraordinary and compelling reasons exist for a reduction in sentence, § 3582(c)(1)(A) requires courts to consider "the factors set forth in section 3553(a) [of Title 18] to the extent they are applicable" and "applicable policy statements issued by the [United States] Sentencing Commission" before granting a sentence modification. To that end, § 3553(a) requires courts to consider, among other factors, the nature and circumstances of the underlying offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from further crimes of the defendant. 18 U.S.C. § 3353(a)(1)-(2).

The Fourth Circuit provided additional guidance in *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021). It explained that the district court must "reconsider[] the § 3553(a) factors in view of the extraordinary and compelling circumstances present in [the defendant's] case." *Id*. at 332. In his concurring opinion, Chief Judge Gregory makes it even more clear that the district court may not "fulfill its duty to reconsider the § 3553(a) factors by merely recounting the considerations that supported the original sentence." *Id*. at 335 (Gregory, C.J., concurring). "Section 3582(c)(1) necessarily envisions that the § 3553(a) factors may balance differently upon a motion for compassionate release than they did at the initial sentencing." *Id*. "If a district court's original § 3553(a) analysis could always prove that a sentence reduction would intolerably undermine the § 3553(a) factors, then 18 U.S.C. § 3582(c)(1) would, in effect, be a nullity." *Id*. Judge Gregory notes that "[a] day in prison under the current conditions is a

qualitatively different type of punishment than one day in prison used to be," and that "[t]hese conditions, not contemplated by the original sentencing court, undoubtedly increase a prison sentence's punitive effect." *Id*. at 336.

Courts must also consider "evidence of rehabilitation and other post-conviction conduct." *United States v. Brown*, No. 3:90cr113, 2021 WL 3206548, *2 (E.D. Va. 2021) (citing *United States v. Martin*, 916 F.3d 389, 397–98 (4th Cir. 2019) (requiring consideration of post-conviction evidence and statutory sentencing factors in the context of a sentence reduction sought pursuant to § 3582(c)(2)); *United States v. McDonald*, 986 F.3d 402, 412 (4th Cir. 2021) (extending *Martin* to motions filed pursuant to § 3582(c)(1)(B))). The *Brown* decision also notes that a defendant's "rehabilitation alone does not provide sufficient grounds to warrant a sentence modification." *Id*. (citing 28 U.S.C. § 994(t)).

Additionally, the Sentencing Commission has advised courts to consider whether, based on the factors set forth in 18 U.S.C. § 3142(g), a defendant would present a danger to the safety of any other person or to the community if released.[2] U.S.S.G. § 1B1.13(2). As noted herein, pursuant to *United States v. McCoy*, the policy statement is not binding, but it provides useful guidance.

Ultimately, the Court may reduce a defendant's sentence under § 3582(c)(1)(A) only after (1) the defendant establishes an extraordinary and compelling reason for the reduction, and

---

[2] As modified in the context of a compassionate release motion, before releasing a defendant, courts should consider: (1) the nature and circumstances of the offense of conviction, including whether the offense is a crime of violence, a violation of § 1591, a terrorism offense, or an offense involving a minor victim, controlled substance, firearm, explosive or destructive device; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including his or her character, physical and mental condition, family and community ties, financial resources, history of substance abuse and criminal history, as well as whether at the time of the instant offense, the defendant was on a period of probation, parole or other form of release; and, (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g)(1)-(4).

(2) the Court finds that a reduction in the defendant's sentence would not undermine the relevant § 3553(a) factors and any applicable policy statements issued by the Sentencing Commission.

### III. ANALYSIS

The United States does not dispute that Powell has satisfied the exhaustion requirement. But, after a careful review of the motions, memoranda, exhibits, and other related documents, the Court concludes that Powell's health conditions, although serious, do not support a finding of extraordinary and compelling reasons for a reduction in his sentence. The medical records indicate that Powell has serious heart conditions, hypertension, high cholesterol, and other medical conditions, but they also indicate that these conditions appear to be well-managed. (ECF No. 38-2 at 1-13.) The CDC provides guidance regarding certain medical conditions and distinguishes between individuals with certain conditions who "are more likely to get severely ill from COVID-19" and those whose conditions "can make you more likely to get severely ill from COVID-19." *See* People with Certain Medical Conditions | CDC (Updated Aug. 20, 2021). According to the CDC, heart conditions and hypertension "can make you more likely to get severely ill from COVID-19." But where a defendant is receiving medical treatment to manage his medical conditions, courts have found that these conditions do not establish a particularized susceptibility to COVID-19. *See United States v. Reid*, No. 2:02cr172, 2020 WL 7318266, at *2 (E.D. Va. Dec. 10, 2020) (hypertension being treated so defendant not "particularly susceptible to COVID-19"); *Barrett v. United States*, No. 4:15cr47, 2020 WL 6206008, at *3 (E.D. Va. Oct. 22, 2020) (hypertension combined with defendant's age and medical treatment to manage his hypertension does not place him at increased risk); *McKenith v. United States*, No. 7:14cr26, 2021 WL 4527243, at *5 (E.D.N.C. Oct. 4, 2021) (compassionate release denied despite heart conditions and hypertension); *United States v. Volious*, 3:17cr575, 2020 WL 5988143, at *3

(D.S.C. Oct. 8, 2020) (compassionate release denied despite heart conditions, sleep apnea, and asthma). The medical records indicate that Powell is receiving medical treatment for his heart conditions and other medical conditions, including follow-up cardiology appointments for his heart conditions. (ECF No. 38-2 at 1-13.) Even considering all of Powell's medical conditions, they do not establish an extraordinary and compelling reason for compassionate release.

In addition, according to BOP records, Powell was vaccinated on March 9, 2021, and March 31, 2021. (ECF No. 43 at 1.) Many courts have ruled, "on the basis of present understanding, that the highly effective available vaccines dramatically affect whether an inmate's medical conditions constitute the 'extraordinary and compelling reason' required to further consider compassionate release." *United States v. Gregory*, No. CR 13-0334, 2021 WL 1909605, at *4 (D. Md. May 12, 2021) (collecting cases).

Powell is housed at FCI Oakdale Low. There are currently six positive inmate cases and twenty-seven positive staff cases at that facility; seven inmates and no staff at that facility have died of COVID-19; and there have been a total of 202 inmates and 50 staff members who tested positive and recovered, according to data available at www.bop.gov/coronavirus/ (updated daily at 3:00 p.m.) (last visited October 15, 2021).[3] There is no doubt that FCI Oakdale Low has had problems containing COVID-19. (*See* ECF Nos. 38-6, 38-7, 38-11, 38-12.) But Powell cannot establish a particularized risk of contracting COVID-19 at FCI Oakdale Low given the low number of positive cases there currently.

Accordingly, the Court finds that Powell has not established an extraordinary and compelling reason for a reduction in his sentence.

---

[3] According to BOP data submitted by the Defendant, seven inmates had died at this facility as of May 21, 2020, so no inmates have died of COVID-19 at FCI Oakdale Low in the last seventeen months. (*Compare* ECF No. 38-5, *with* data available at www.bop.gov/coronavirus/ (updated daily at 3:00 p.m.) (last visited October 15, 2021)).

Moreover, even if the Court found that Powell had established an extraordinary and compelling reason for a reduction in his sentence, the Court does not, in its discretion, find a reduction in sentence to be appropriate under the relevant § 3553(a) factors and non-binding policy statements. The Court finds that a reduction in Powell's sentence would undermine the relevant § 3553(a) factors. In particular, a reduction in Powell's sentence would undermine the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence, given the nature and circumstances of the underlying offense, and Powell's history and characteristics. Powell's current sentence is reasonable and appropriate, and it is no greater than necessary to achieve the objectives of 18 U.S.C. § 3553(a).

## IV.  CONCLUSION

For the reasons set forth herein, Powell's Motions for Compassionate Release will be denied.

An appropriate Order shall issue.

Richmond, Virginia
Date:  October 15, 2021

/s/ 
Roderick C. Young
United States District Judge